STATE of Minnesota, Appellant,

v.

Leonard Joseph ALBRECHT,
Respondent.

No. C7–90–1700.

Court of Appeals of Minnesota.

Jan. 22, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Julius E. Gernes, Winona County Atty., Susan E. Cooper, Asst. County Atty., Winona, for appellant.

Richmond McCluer, Jr., Michael J. Price, Winona, for respondent.

Considered and decided by KLAPHAKE, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant, the state, challenges the district court's dismissal of a criminal complaint charging respondent Leonard Al-

brecht with possession of marijuana, Minn. Stat. § 152.025, subds. 2(1), 3 (1990). The state contends the trial court erred in concluding there was no probable cause to issue a search warrant and that evidence obtained as a result of the search should not have been suppressed. We affirm.

## FACTS

On March 28, 1990, Winona County Deputy Sheriff John Lettner received a telephone call from an anonymous person who wanted to provide information of drug activity involving Leonard Albrecht, a Minnesota City resident. The informant told Lettner that Albrecht was a marijuana dealer and supplier for other dealers. The informant told Lettner that Albrecht's daughter assisted him in packaging marijuana. The informant reported seeing marijuana in Albrecht's home six to eight times within the previous year, and as recently as five days earlier. The informant estimated that Albrecht had six to eight pounds of marijuana in his home and stated that Albrecht and friends smoked marijuana there.

The informant described the interior of the home, including the locations of certain drug paraphernalia. The informant told Lettner that if Albrecht was at home, a red and white pickup truck would be parked there. Although the informant did not know the specific address, his description and directions enabled Lettner to locate Albrecht's home.

Prior to applying for a search warrant, Lettner verified the location of Albrecht's home and determined Albrecht owned the pickup truck. On these facts a search warrant issued.

During the March 29, 1990 search, investigators found marijuana, a list showing breakdown prices for larger amounts of marijuana, and drug paraphernalia. Albrecht showed the investigators where certain items were located and made incriminating statements about purchasing and using marijuana. After the search, Albrecht was arrested and charged with possession of marijuana, Minn.Stat. § 152.025, subds. 2(1), 3 (1990).

## ISSUES

I. Did the trial court err in suppressing evidence obtained during the search of Albrecht's home because the warrant was issued without probable cause?

II. If the search warrant was not based on probable cause, does the good faith exception apply?

## ANALYSIS

■ This court will reverse a pretrial order suppressing evidence only if the state can demonstrate clearly and unequivocally that the trial court erred and that "the error will have a critical impact on the outcome of the trial." *State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.1987).

### I.

■ The state argues Lettner's search warrant application and supporting affidavit contained sufficient information under the "totality of circumstances" test to determine probable cause existed. The constitutions of both the United States and Minnesota protect citizens from unreasonable searches and seizures. *See* U.S. Const. amend. IV; Minn. Const. art. I, § 10. With few exceptions, a search is valid only if it is conducted pursuant to a valid search warrant. *State v. Gabbert*, 411 N.W.2d 209, 212 (Minn.App.1987).

■ Under the "totality of the circumstances" test,

[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). In interpreting the state's constitution, Minnesota courts have adopted the *Gates* totality of circumstances test. *See State v.*

*McCloskey,* 453 N.W.2d 700, 703 (Minn. 1990). The reviewing court must give deference to the magistrate's determination of probable cause and will uphold the determination if there was a "substantial basis" for the magistrate's determination. *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332. In reviewing the sufficiency of an affidavit under the totality of circumstances test, courts must be careful not to review each component of the affidavit in isolation. *Massachusetts v. Upton,* 466 U.S. 727, 732–33, 104 S.Ct. 2085, 2087–88, 80 L.Ed.2d 721 (1984). Furthermore, the resolution of doubtful or marginal cases should be "largely determined by the preference to be accorded to warrants." *Id.,* 466 U.S. at 734, 104 S.Ct. at 2089 (quoting *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)).

■ The probative value of an anonymous caller's tip depends on the credibility of the informant. *See Gabbert,* 411 N.W.2d at 212. An informant's credibility can be established by sufficient police corroboration of the informant's information. *See McCloskey,* 453 N.W.2d at 703; *State v. Wiley,* 366 N.W.2d 265, 269 (Minn.1985). The sole verification here was the address of the house and the ownership of the pickup truck. Corroboration of information that is not a key detail can be a relevant factor in making a probable cause determination. *McCloskey,* 453 N.W.2d at 704. Here, however, the facts corroborated were easily obtained facts and conditions which by themselves are inadequate to support a finding of probable cause. *Cf. Alabama v. White,* ─── U.S. ───, ───, 110 S.Ct. 2412, 2417, 110 L.Ed.2d 301 (1990) (anonymous tip predicting defendant's future behavior distinguished from easily obtained facts and conditions).

The state argues that this case is governed by *State v. McCloskey,* 453 N.W.2d 700 (Minn.1990). In *McCloskey,* however, several circumstances allowed the court to conclude there was probable cause to support the issuance of a search warrant. For instance, in *McCloskey,* the confidential informant met the police officer face-to-face and traveled with him to the house to be searched. *Id.* at 704. In addition, the informant in *McCloskey* expressed a valid reason for anonymity and a plausible motivation for supplying information to the police. *Id.* None of these facts are present here. Thus, applying the "totality of the circumstances" test under both the Minnesota and United States Constitutions, Lettner's corroboration of the address and car ownership, without more, is not sufficient to support a finding of probable cause. *See Gates,* 462 U.S. at 238, 103 S.Ct. at 2332; *McCloskey,* 453 N.W.2d at 703; *see also* Wayne R. Lafave, *Search and Seizure,* § 3.3(f) (2d ed. 1987). The trial court thus properly suppressed the state's evidence.

## II.

■ The state also urges this court to adopt the "good faith exception" to the exclusionary rule for a violation of the Minnesota Constitution. In holding that the good faith exception did not apply in this case, the trial court based its decision on the Minnesota Constitution.

The United States Supreme Court has held the fourth amendment exclusionary rule does not bar the use of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, but ultimately found to be invalid. *See United States v. Leon,* 468 U.S. 897, 919–21, 104 S.Ct. 3405, 3418–19, 82 L.Ed.2d 677 (1984). Both the Minnesota Supreme Court and this court, however, have previously declined to adopt the *Leon* good faith exception under the Minnesota Constitution. *See Wiley,* 366 N.W.2d at 269 n. 2; *Minnesota State Patrol Troopers Ass'n ex rel. Pince v. State, Dept. of Pub. Safety,* 437 N.W.2d 670, 676 (Minn.App.1989) *pet. for rev. denied* (Minn. May 24, 1989); *Gabbert,* 411 N.W.2d at 214; *State v. Herbst,* 395 N.W.2d 399, 404 (Minn.App.1986).

## DECISION

Because the trial court did not clearly err in determining the search warrant lacked probable cause, we affirm the trial court's suppression of the state's evidence and dismissal of the charge.

Affirmed.