**STATE of Minnesota, Appellant,**

**v.**

**Stephen Donald FAY, Respondent.**

**No. C1–92–546.**

Court of Appeals of Minnesota.

July 28, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James T. Reuter, Center City, for appellant.

Lawrence Edward Nichols, St. Paul, for respondent.

Considered and decided by HARTEN, P.J., and RANDALL and FOLEY, JJ.

---

## OPINION

FOLEY, Judge.*

The state appeals from an omnibus hearing order suppressing evidence seized by police officers during the execution of a search warrant.

## FACTS

On February 20, 1991, Maplewood police officer Dave Arnold arrested Phillip Mauricio for marijuana possession. Mauricio told Arnold that he had purchased the marijuana from respondent Stephen Fay, described Fay, and pointed out Fay's residence to Arnold.

On February 22, 1991, officer Arnold obtained a no-knock search warrant for Fay's residence. The basis for the warrant was Mauricio's uncorroborated statements. The no-knock provision was based upon officer Arnold's allegations that drug traffickers often attempt to destroy evidence or interfere with execution of the warrant.

The warrant was executed on February 28, 1991, when officers Arnold, Henckel, a five-man entry squad and possibly other officers smashed open Fay's door with a battering ram and confronted Fay with drawn guns. It is unclear whether the officers announced themselves as police officers when they went in. Fay was sitting at a table with marijuana on it. The officers threw him to the floor, handcuffed him, and placed a jacket over his head. When questioned without a *Miranda* warning, Fay told them more marijuana was in his basement freezer. Officers seized approximately six pounds of marijuana and $1,400 in cash. At no point during the search did the officers show Fay the search warrant, nor did they leave a copy at his residence.

Fay was arrested and charged with possession with intent to sell marijuana, in violation of Minn.Stat. § 152.025, subds. 2(1), 2(2) (1990). On March 4, 1991, officer Henckel met with Fay, and Fay asked for a copy of the warrant. Henckel refused,

stating that "we aren't allowed to do so." Fay sought the warrant from the court administrator, but it hadn't been filed. It was evidently filed later that day. On two subsequent occasions, officers denied Fay's attorney's requests for a copy of the warrant.

At the March 1992 omnibus hearing, Fay moved to suppress both the marijuana and his statements to police. On March 10, 1992, the trial judge granted Fay's motion concluding that though the no-knock warrant might have been valid, cumulative irregularities in its execution violated the fourth amendment. The state appeals from the portion of the order suppressing the marijuana, and Fay cross-appeals, contending that the trial court erred by finding that the warrant was not defective.

## ISSUE

Did the court err by suppressing the evidence?

## ANALYSIS

The trial court upheld the search warrant concluding it was valid, but "subject to criticism" because the officers failed to corroborate their informant's testimony. Citing, however, the lack of justification for a violent entry, the officers' failure to give Fay a *Miranda* warning, their failure to show Fay a warrant upon entering, their failure to provide a copy of the warrant either upon leaving or thereafter, and their failure to file the warrant within ten days of issuance, the court concluded that the search and seizure was unreasonable and unconstitutional, and suppressed the marijuana.

We will reverse a pretrial order suppressing evidence only if the state can demonstrate clearly and unequivocally that the trial court erred and that the error will have a critical impact on the trial outcome. *State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.1987). Here, the second prong of this test is satisfied because without the

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

marijuana, the state will be unable to prove possession, an element of the offenses charged.

The state contends that any wrongful conduct by the police officers consisted only of failing to return the search warrant to the issuing court within 10 days of issuance, and in failing to provide a copy of the warrant to Fay. *See* Minn.Stat. §§ 626.15, .16 (1990). The state argues that such minor statutory violations do not merit suppression absent a showing of prejudice by defendant, relying on *State v. Mollberg*, 246 N.W.2d 463, 470 (Minn.1976). We disagree, because we believe the officers' conduct in this case was a blatant violation of Fay's fourth and fifth amendment rights, and that any required "prejudice" is clearly inherent in the violation of these constitutional rights.

 Whether a search and seizure violates the fourth amendment depends upon whether it is reasonable under the circumstances. *State v. Ferrise*, 269 N.W.2d 888, 890 n. 1 (Minn.1978) (quoting *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968)). Reasonableness depends upon "a balance between public interest, and the individual's right to personal security free from arbitrary interference by law officers." *Id.* (quoting *United States v. Brignoni–Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 2579, 45 L.Ed.2d 607 (1975)). Here, the undisputed facts show that an "entry team" of more than five officers arrived at Fay's home one night, smashed down his door with a battering ram, confronted him with drawn guns, threw him to the floor, handcuffed him, blindfolded him and proceeded to question him without benefit of a *Miranda* warning. This conduct was clearly an unreasonable and unjustifiable interference with Fay's fourth and fifth amendment rights.

The state's reliance on *Mollberg* is misplaced. In *Mollberg*, the officers' misconduct was limited to failing to produce a search warrant until the day after the search of an unoccupied home. *Mollberg*, 246 N.W.2d at 469. Here, in contrast, the officers' violent unannounced entry and refusal to produce a search warrant at any time during the search or thereafter, evinced a deliberate disregard of Fay's constitutional rights. This conduct was clearly not the harmless and "relatively minor irregularities" that the *Mollberg* court had in mind. *Id.*

Because we find that the officers' conduct under the totality of the circumstances in this case violated the fourth and fifth amendments, we find it unnecessary to reach the question of whether the warrant was valid in the first instance. We note, however, that if the warrant were defective, the officers' conduct could not be justified under the "reasonable reliance" exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Leon*, which holds that the exclusionary rule does not bar the use of evidence obtained by police in reasonable reliance upon a defective search warrant issued by a neutral and detached magistrate, is clearly inapplicable here. *Leon*, 468 U.S. at 919–20, 104 S.Ct. at 3419 (quoting *Stone v. Powell*, 428 U.S. 465, 539–40, 96 S.Ct. 3037, 3073–74, 49 L.Ed.2d 1067 (1976) (White, J., dissenting)). Moreover, the Minnesota Supreme Court has yet to decide whether Minnesota should adopt this exception. *See State v. McCloskey*, 453 N.W.2d 700, 701 n. 1 (Minn.1990); *but see State v. Albrecht*, 465 N.W.2d 107, 109 (Minn.App.1991).

## DECISION

We hold that because under the totality of the circumstances, the search and seizure in this case was unreasonable and unconstitutional, suppression was the appropriate remedy.

Affirmed.