*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0335**

State of Minnesota,
Respondent,

vs.

Adam Dale Muellner,
Appellant.

**Filed December 14, 2015
Affirmed
Rodenberg, Judge**

Stearns County District Court
File No. 73-CR-12-9596

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Rodd Tschida, Minneapolis, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Reilly, Judge; and

Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

On appeal from his misdemeanor DWI conviction, appellant argues that the district court lacked authority to reconsider its own pretrial suppression order. We affirm.

## FACTS

Around midnight between October 13 and 14, 2012, appellant Adam Dale Muellner was stopped by a police officer for speeding. After he had stopped appellant, the officer recognized physical signs of intoxication. Appellant failed field sobriety tests and took a preliminary breath test showing an alcohol concentration of 0.112. Appellant was arrested for driving while impaired. He was taken to the police station and was read the standard implied consent advisory, including the instruction that "Minnesota law requires you to take the test" and that "refusal to take a test is a crime." Appellant was offered and declined the opportunity to use a telephone to call a lawyer. About 42 minutes after the initial stop for speeding, appellant agreed to a DataMaster breath test. He provided an adequate breath sample, which revealed an alcohol concentration of 0.11. At no point did the officer have or attempt to obtain a search warrant for appellant's breath. Appellant was charged with driving while impaired and driving with an alcohol concentration greater than the law allows.

On May 23, 2013, appellant moved to suppress the results of his breath test pursuant to the United States Supreme Court's decision in *Missouri v. McNeely*, which had been released on April 17, 2013. 133 S. Ct. 1552 (2013). At a hearing on the

motion, the district court asked whether the parties preferred a speedy ruling or to "hold[]

off [until] the [Minnesota] Supreme Court gives us some guidance," referring specifically

to the pending "*Brooks* case." *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013).

Appellant's counsel expressed a preference for a speedy ruling. The state did not object.

The district court later granted appellant's suppression motion, determining that the

breath test was an unreasonable seizure under the holding in *McNeely* that natural

dissipation of alcohol in the body does not create a per se exigency sufficient to justify a

warrantless seizure for alcohol testing. Noting that *State v. Netland* "rejects the notion

that submission to a search, under the threat of criminal prosecution for refusal, is

voluntary," the district court concluded that the breath test was obtained from appellant in

violation of his Fourth Amendment rights. *State v. Muellner*, No. 73-CR-12-9596 (Minn.

Dist. Ct. Sept. 25, 2013) (citing *State v. Netland*, 742 N.W.2d 207 (Minn. App. 2007),

*aff'd in part and rev'd in part on other grounds*, 762 N.W.2d 202 (Minn. 2009)).

On October 23, 2013, the Minnesota Supreme Court issued its decision in *State v.*

*Brooks*, holding that a driver's voluntary consent to breath testing obviates the need for a

search warrant. 838 N.W.2d at 568. *Brooks* adopted a totality-of-the-circumstances test

for determining whether consent is voluntary, and held that Minnesota's law

criminalizing test refusal does not necessarily mean that consent was coerced. *Id*. at 568-

70.

Relying on *Brooks*, the state moved the district court to reconsider its order

suppressing appellant's breath-test results. Appellant challenged the district court's

3

"jurisdiction" to reconsider the suppression order.[1] The district court granted the state's motion for reconsideration and vacated its prior suppression order without explicitly addressing appellant's jurisdictional argument. After appellant again questioned the district court's authority to reconsider its prior ruling, the district court issued an order memorandum concluding that it retains the authority to reconsider its own rulings during the pendency of a case properly before it.

Appellant agreed to a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 4, in order to obtain review of the district court's revision of its own pretrial ruling. On January 9, 2015, the district court concluded that appellant was guilty of driving with an alcohol concentration of 0.08 or more within two hours of driving a motor vehicle. This appeal followed.

## D E C I S I O N

Appellant argues that the district court's initial order suppressing the breath-test results became final upon expiration of the time for the state's pretrial appeal of that order, and that therefore the district court did not have authority to reconsider its order.

Whether the district court had authority to grant the state's motion for reconsideration is a legal issue that we review de novo. *State v. Pflepsen*, 590 N.W.2d 759, 763 (Minn. 1999) ("Questions concerning the authority and jurisdiction of the lower courts are legal issues subject to de novo review.").

---

[1] Appellant couches his argument as one of "jurisdiction." We address the issue as one of the district court's *authority* to reconsider a pretrial ruling under these circumstances. The district court did not dismiss the complaint against appellant, and the charge of driving while impaired remained after the district court's suppression order.

4

Appellant relies on the procedural rule requiring that pretrial appeals by the state be filed within five days after the prosecutor is put on notice of the pretrial order. Minn. R. Crim. P. 28.04, subd. 2(8). The rule itself gives no indication that it applies to limit the district court's authority over its own proceedings, and no other Minnesota Rule of Criminal Procedure addresses motions to reconsider by a district court.

We have held that "[a]lthough the rules of criminal procedure do not specifically authorize motions for reconsideration of omnibus rulings, the district court has the inherent authority to consider such a motion." *State v. Papadakis*, 643 N.W.2d 349, 356-57 (Minn. App. 2002). In *Papadakis*, we affirmed a district court's refusal to reconsider an evidentiary ruling as a proper exercise of discretion, without regard to the timing of the motion. *Id.* We emphasized that "a motion for reconsideration may be the most efficient and preferable course of action" because "it can spare parties the time, trouble, and expense of an appeal." *Id.*

In *State v. Webber*, the Minnesota Supreme Court affirmed a district court's reconsideration of its pretrial rulings *during* trial. 262 N.W.2d 157, 159 (Minn. 1977) (affirming the district court's authority to reconsider a suppression order in the midst of a trial, well outside the five-day window for appeal from a pretrial order).

In *State v. Montjoy*, the supreme court affirmed the district court's reconsideration of its previous ruling suppressing the defendant's statements at a crime scene. 366 N.W.2d 103, 107 (Minn. 1985). Appellant argues that *Montjoy* hinged on the fact that the state's motion to reopen was brought before the time to file a pretrial appeal had expired. In affirming the district court's authority to reopen and reverse its pretrial

5

ruling, the *Montjoy* court referred to the state's motion to reopen as "timely," but did not further discuss the timing issue. *Id.* And *Montjoy* relied on the statement in *Webber* that a district court is "free to reconsider" its own rulings during trial. *Id.* (citing 262 N.W.2d at 159).

Appellant relies on *Marzitelli v. City of Little Canada*, 582 N.W.2d 904, 906 (Minn. 1998), and *Mingen v. Mingen*, 679 N.W.2d 724, 727 (Minn. 2004), to support his contention that the district court's jurisdiction concerning its own orders ends upon expiration of the appeal period, and that the district court's orders are then final. But those cases are easily distinguishable, as they addressed the termination of district courts' jurisdiction with the appeal period following an entry of judgment at the conclusion of a case. *Marzitelli* and *Mingen* indicate nothing concerning district courts' authority to reconsider a pretrial evidentiary ruling while the case remains before the district court.

Appellant also cites *State v. Wollan*, 303 N.W.2d 253, 254 (Minn. 1981), and *State v. Palmer*, 749 N.W.2d 830, 831 (Minn. App. 2008), to support his position. But *Wollan* and *Palmer* addressed whether a state's motion to reconsider extends its five-day window for pretrial appeal, not whether motions to reconsider are subject to the same five-day window. The state is not the appellant here. *Wollan* and *Palmer* have no application.

Had the state appealed after the expiration of five days from the district court's pretrial suppression order, *appellate* jurisdiction would have been absent under Minn. R. Crim. P. 28.04, subd. 2. The time limit for pretrial appeals by the state concerns only appellate jurisdiction and has no impact on the district court's authority to reconsider its own rulings.

6

We hold that the district court had the inherent authority to reconsider its own pretrial ruling where the district court's earlier pretrial analysis of the search-and-seizure issue was rejected by the supreme court in *Brooks*, decided after the district court's pretrial ruling and before final resolution of the case.

Finally, appellant argues that the district court erred by granting the state's motion for reconsideration because the state did not brief the question of the district court's authority to reconsider. He accurately states the long-standing principle that a party cannot raise for the first time on appeal a matter not presented to the court below. *See, e.g.*, *Matter of Welfare of K.T.*, 327 N.W.2d 13, 16, 17 (Minn. 1982). That principle does not apply here because the question of the district court's authority to reconsider was presented before the district court and the district court clearly ruled on the question.

**Affirmed.**