*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-1655**

State of Minnesota,
Respondent,

vs.

Michael Edmund Sukalski,
Appellant.

**Filed October 6, 2025**
**Affirmed**
**Segal, Judge**[*]

Martin County District Court
File No. 46-CR-24-448

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Taylor L. McGowan, Martin County Attorney, Fairmont, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

 Considered and decided by Schmidt, Presiding Judge; Connolly, Judge; and Segal,

Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**SEGAL**, Judge

In this appeal from a pretrial order finding him incompetent to stand trial, appellant argues that the district court erred when it found that his written objection to the court examiner's competency report was untimely and denied his request for a contested competency hearing. We affirm.

**FACTS**

In June 2024, respondent State of Minnesota charged appellant Michael Edmund Sukalski with one felony count of violating an order for protection under Minn. Stat. § 518B.01, subd. 14(d)(1) (2022). At the initial hearing, the state informed the district court that Sukalski had a mental-health diagnosis and requested a competency evaluation.[1] The district court ordered the evaluation but, because Sukalski did not yet have counsel, the district court stated that the order could be reconsidered at the next hearing when Sukalski had legal representation. At the next hearing, Sukalski's counsel advised the district court that an "evaluation could be helpful" and asserted no objection to the district court's order directing a competency evaluation.

The court-appointed competency examiner concluded that Sukalski was not competent to proceed at that time and needed psychiatric treatment, but that he likely could

---

[1] A competency evaluation, also referred to as a rule 20 evaluation, is an evaluation to determine a criminal defendant's competency to participate in criminal proceedings. Minn. R. Crim. P. 20.01. Effective April 1, 2024, Minnesota Statutes sections 611.40 to 611.59 govern the proceedings for adults when competency to stand trial is at issue. 2022 Minn. Laws ch. 99, art. 1, § 26, at 1020; 2023 Minn. Laws ch. 52, art 1, § 14, at 816.

be restored to competency. The examiner's report was filed with the court on July 22, 2024. The district court scheduled a review hearing for the following day, July 23. At the review hearing, both parties informed the court that they had received the competency evaluation report. Sukalski did not request more time to review the report or object to the review hearing. Sukalski's counsel stated, "Mr. Sukalski does take some issues with some of the discrepancies he finds with the Rule 20, which he received a copy of, [but] I don't believe he ultimately has an objection to the report." Sukalski stated, "My faith in Jesus is not an unspecified psychotic disorder. It's called Christianity, and it has to do with Christ."

Based on the examiner's report, the district court announced from the bench its determination that Sukalski was not competent to proceed. After the district court announced its ruling, Sukalski said, "I'm asking for another Rule 20 then. Because I was belittled, badgered, undermined, and my faith and relationship with God. Also, twisted many words, things that were not said." After allowing Sukalski to read a letter to the court concerning an unrelated proceeding, the district court ended the hearing.

Immediately following the hearing, the district court filed a written order, which memorialized its determination made on the record that Sukalski was not competent and suspended the criminal proceedings pending his return to competency. That same day, only about two hours later, Sukalski's attorney filed a written objection to the examiner's report along with a request for a "second opinion and hearing to determine competency." The next day, the district court issued an order denying Sukalski's request for a contested competency hearing as untimely because the objection was made only after the court had issued its determination.

3

**DECISION**

The Minnesota statutes governing competency proceedings provide that "[t]he prosecutor or defense counsel may request a hearing on the court-appointed examiner's competency report by filing a written objection no later than ten days after the report is filed." Minn. Stat. § 611.44, subd. 1(a) (2024). If a written objection is filed, "[a] hearing shall be held as soon as possible but no longer than 30 days after the request, unless extended by agreement of the prosecutor and defense counsel, or by the court for good cause." *Id.*, subd. 1(b) (2024).

Sukalski argues on appeal that the district court's finding that he did not object to the competency report at the hearing is clearly erroneous and that, regardless, he is entitled to a contested competency hearing because he filed his objection within the ten days allotted by statute. No brief was filed by the state, but we must nevertheless decide the appeal according to the law. *State v. Hannuksela*, 452 N.W.2d 668, 673 n.7 (Minn. 1990).

"We review the district court's findings of fact under a clearly erroneous standard, and its application of the law to those facts de novo." *State v. Barthman*, 938 N.W.2d 257, 265 (Minn. 2020); *see also State v. O'Neill*, 945 N.W.2d 71, 82 (Minn. App. 2020) (holding that a district court's factual findings regarding competence are reviewed for clear error), *rev. denied* (Minn. Aug. 11, 2020). A finding is clearly erroneous if it is "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021) (quotation omitted).

4

**I.     The district court's findings are not clearly erroneous.**

Sukalski maintains that the district court's denial of his written objection and request for a contested hearing is based on two clearly erroneous findings: (1) "that no request was made [at the July 23, 2024 hearing] for further evaluation or further hearing"; and (2) that Sukalski made "no objection to the finding of incompetency . . . [or] the Rule 20 Evaluation" at the hearing. Sukalski contends that he "explicitly asked at that hearing for a second competency evaluation" and that he "personally disputed both [the examiner]'s diagnosis of unspecified psychotic disorder and the basis for her opinion that he was incompetent."

The district court's findings, however, are supported by the statement made by Sukalski's counsel at the hearing to the effect that, while "Mr. Sukalski does take some issues with some of the discrepancies he finds with the Rule 20, which he received a copy of, *I don't believe he ultimately has an objection to the report*. And really, if possible, he just wants to go to Prairie St. John's in Fargo." (Emphasis added.) Sukalski argues that counsel's failure to object was a mistake, "and [counsel's] belief [that there was no objection] was immediately corrected by Sukalski who spoke personally about his objections." But Sukalski's objection and request for another evaluation was made only *after* the district court had announced its decision on the record.[2] Any lack of precision by the district court in failing to specify in its findings that Sukalski made no request for a second opinion *prior* to the district court's on-the-record determination is harmless, and

---

[2] We note that Sukalski has not asserted a claim of ineffective assistance of counsel.

we conclude that the district court's findings were not clearly erroneous.  *See* Minn. R. Crim. P. 31.01 ("Any error that does not affect substantial rights must be disregarded.").

## II. The district court did not err when it determined that Sukalski's written objection was untimely.

Having concluded that the district court's findings were not clearly erroneous, we turn to whether the district court properly applied the law when it determined that Sukalski's objection was untimely.  Sukalski argues that, even if the district court's findings were correct, it still erred because section 611.44, subdivision 1, always requires the district court to hold a contested competency hearing when a party files a written objection within ten days of the competency report being filed.  But under the facts presented here, we are not persuaded that the district court's denial of Sukalski's written objection and request for a contested competency hearing was in error.

As noted above, while Sukalski filed his written objection only one day following the date the competency evaluation report was filed with the court, it was nonetheless filed *after* the district court had already issued its determination from the bench along with its written order.  At the hearing, Sukalski's counsel did not seek a continuance or otherwise object to the hearing taking place.  His counsel acknowledged having received the competency evaluation report and advised the court that Sukalski was not objecting to the report.  It was only then that the district court announced its determination. *See* Minn. Stat. § 611.44, subd. 3 (2024) ("If neither party files an objection, the court shall determine the defendant's competency based on the reports of all examiners.").  This was immediately followed by a written order and the suspension of the criminal proceedings.

6

*See* Minn. Stat. § 611.45, subd. 1(c) (2024) ("If the court finds the defendant incompetent, the court shall enter a written order and suspend the criminal proceedings."). The criminal proceedings were thus already suspended when Sukalski's counsel filed the written objection. And while section 611.44, subdivision 1 requires the district court to hold a contested competency hearing if defense counsel files a written objection no later than ten days after the competency report is filed, there is no requirement in the statute that the district court must wait ten days to rule on a defendant's competency *after* the defendant has advised the court through counsel that defendant is not objecting to the report.[3]

Because the district court had already issued its ruling before both Sukalski's oral request for another examination and the filing of the written objection, we conclude that Sukalski's after-the-fact objection was untimely even though it was filed within ten days of the report. The objection thus, in essence, amounted to a de facto request for reconsideration of the district court's competency determination—which is in the discretion of the district court to grant or deny. *See State v. Papadakis*, 643 N.W.2d 349, 356 (Minn. App. 2002). It was not a timely written objection within the meaning of section 611.44, subdivision 1.

**Affirmed.**

---

[3] We note that the statute requires the district court to rule on a defendant's competency in "no more than 14 days after the examiner's report is submitted to the court." Minn. Stat. § 611.45, subd. 1(a) (2024).