*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0219**

Sharon Lee Brendalen,
Respondent,

Nathan Daniel Watschke,
Respondent,

vs.

Laxman Sundae,
Appellant.

**Filed September 8, 2014
Affirmed
Hooten, Judge**

Dakota County District Court
File No. 19AV-CV-13-2620

Sharon Brendalen, Eagan, Minnesota (pro se respondent)

Nathan Watschke, Eagan, Minnesota (pro se respondent)

Laxman S. Sundae, Rosemount, Minnesota (pro se appellant)

Considered and decided by Cleary, Chief Judge; Halbrooks, Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant-landlord challenges several decisions made by the district court in a dispute with respondent-tenants, claiming that his due process rights were violated.

Because appellant failed to complete the necessary repairs to the leased property as ordered, the district court did not err in returning the escrowed rent to respondents, and there is no merit to appellant's due process claims, we affirm.

## FACTS

This case involves a dispute between appellant-landlord Laxman Sundae and respondent-tenants Sharon Brendalen and Nathan Watschke. Brendalen and Watschke began leasing a residence in Rosemount from Sundae 12 years ago. On August 15, 2013, they wrote Sundae a letter outlining problems at the property, including low water pressure, mold in the bathroom, and overflowing gutters. Sundae responded by serving them with a notice to vacate.

Brendalen and Watschke filed an affidavit of rent escrow under Minnesota Statutes section 504B.385 (2012), alleging that the residence suffered from several code violations, and the district court ruled in their favor. The district court found, "There is a lot of mold in the bathroom, the water pressure is non-existent, [and the] gutters around the garage need to be replaced." The district court concluded that Brendalen and Watschke had proven that there was "[a] violation of any of the covenants of habitability" and ordered Sundae to remedy the issues by November 29. It specifically required Sundae to "gut and replace [the] entire bathroom," "test [the] water pressure and make repairs as needed," and "repair [the] gutters." The district court also ordered that Brendalen and Watschke's rent would not be released until Sundae showed that the ordered repairs had been completed.

In October 2013, Sundae requested a court order allowing him to enter the property, inspect and take photos of damage, and repair the issues identified in the district court's escrow decision. The district court issued an order allowing Sundae to access the property with a police escort for one day "for the purposes of taking photographs and inspecting the bathroom and gutters and testing the water pressure." The order also required the parties to agree on dates when Sundae and his contractors could access the premises to make the repairs.

On December 2, Brendalen requested that the district court return $1,800 in deposited rent because Sundae had failed to complete the ordered repairs by the district court's November 29 deadline. The district court held a hearing the next week and found that Sundae "did not start with work [on the property violations] until after November 24, 2013, and prior to that had [Brendalen and Watschke] evicted." It ordered the deposited rent released to Brendalen and Watschke. Sundae asked the district court to reconsider. In a letter to Sundae, the district court judge's law clerk stated that the court was denying Sundae's request for reconsideration. Sundae appeals.

## D E C I S I O N

### I.

Brendalen and Watschke, claiming multiple code violations in the residence, deposited the rent with the court administrator under the procedures set forth in Minn. Stat. § 504B.385, subd. 1 (2012). Sundae challenges the district court's order returning the rent to Brendalen and Watschke. Rent may be escrowed by a tenant "[i]f a violation exists in a residential building." Minn. Stat. § 504B.385, subd. 1(a) (2012). A

3

"violation" is defined as "a violation of any [applicable] state, county or city health, safety, housing, building, fire prevention, or housing maintenance code." Minn. Stat. § 504B.001, subd. 14 (1) (2012). "Any rent found to be owed to the residential tenant must be released to the tenant." Minn. Stat. § 504B.385, subd. 10 (2012). If a violation has been found, the rent will only be released to the landlord if he remedies the violation before the hearing. *See id.* ("If the court finds that a violation existed, but was remedied between the commencement of the action and the hearing, it may order rent abatement and must release the rent to the parties accordingly.").

The district court found that Sundae, instead of complying with the order to remedy the code violations, evicted Brendalen and Watschke. Due to Sundae's failure to remedy the code violations by November 29, 2013, the district court ordered that the escrowed rent was to be returned to Brendalen and Watschke. We may not set this finding aside unless it is clearly erroneous, giving "due regard" to the district court's opportunity "to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01. A district court's finding of fact is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) (quotation omitted).

Sundae contends that after receiving the district court's order to remedy the code violations, he inspected the bathroom and found no indication of mold. He claimed that only the front end of the bathtub needed repair and he attributed any damage to Brendalen and Watschke. Instead of repairing the bathroom as ordered, Sundae argued that the district erred in finding the bathroom had code violations.

4

However, a party's disagreement with the district court's findings does not render those findings clearly erroneous. *See State v. Larson*, 393 N.gW.2d 238, 241–42 (Minn. App. 1986) (stating that fact-finder "is not obligated to believe" party's plausible alternative explanation). And on appeal we must defer to the district court's resolution of conflicting evidence. *See Am. Bank of St. Paul v. City of Minneapolis*, 802 N.W.2d 781, 789 (Minn. App. 2011) ("[I]t is the district court's exclusive responsibility to reconcile conflicting evidence."). Doing so here, we conclude that the district court did not err by finding code violations, ordering that they be remedied, and returning the rent to Brendalen and Watschke when they were evicted by Sundae and the ordered repairs were not completed.

## II.

Sundae raises two issues in conjunction with the district court's denial of his request for reconsideration of its decision to return the rent. We note first that this ruling is not appealable. In *Baker v. Amtrak Nat'l R.R. Passenger Corp.*, we held that the district court's denial of a party's request to bring a motion to reconsider was not appealable because at the time the party made his request, "his action had been determined and judgment had been entered[, so n]o further action by the trial court was needed to permit [him] to take an appeal." 588 N.W.2d 749, 755 (Minn. App. 1999). We reasoned that the district court's denial of the party's reconsideration request was not an order "'which, in effect, determines the action and prevents a judgment from which an appeal might be taken.'" *Id.* (quoting Minn. R. Civ. App. P. 103.03). The same analysis applies here. The district court ruled on the rent disbursement and did not disturb that

5

determination by denying Sundae's request for reconsideration. Any issues Sundae had with the district court's decision to return the rent to Brendalen and Watschke could be, and have been, raised on appeal.

Even if we were to consider Sundae's contentions, they do not warrant reversal. Sundae first argues that denying the request in a letter signed by the district court judge's law clerk was a "dereliction of duty by the Court." Minnesota General Rule of Practice 115.11 states, "Motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of compelling circumstances." Notably, Rule 115.11 "does not state that the court shall respond to the request by order." *Baker*, 588 N.W.2d at 755. Accordingly, the district court did not err by denying it in a letter rather than an order.

Sundae also argues that the district court's refusal of his reconsideration request was "racially discriminatory." This argument is completely meritless. Nothing in the district court's decision indicates that any party's race was a consideration, let alone a deciding factor, and Sundae does not identify any facts that suggest otherwise. For these reasons, not only is the district court's reconsideration decision not appealable, Sundae's arguments against it fail.

## III.

Sundae also asserts that he was denied due process of law and a fair trial because he was unable to enter the rental property. He states that the district court "completely ignored [his] Motion to enforce subpoena to enter and inspect the property" and "denied [his] motions to let him enter the subject property to make repairs." This argument is

6

unsupported by the record. Sundae references a discussion with a district court judge about his supposed motion, but the record contains no transcripts of hearings before that judge. *See Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 494 (Minn. App. 1995) ("An appellant has the burden to provide an adequate record."). Furthermore, Sundae successfully sought an order to enforce the subpoena allowing him to inspect and photograph the areas at issue in the rental property. The district court ordered that Sundae, with a police escort, would have access to the property for one day to inspect the bathroom and gutters, and that Sundae and his contractors would have access for repairs between 8 a.m. and 4 p.m. on dates agreed upon with Brendalen and Watschke. The record contains no other motions or orders concerning Sundae's access to the property.

## IV.

Sundae finally contends that the district court destroyed more than 20 of his submitted exhibits and refused to accept other evidence. The only transcript in the record is one and one-half pages long, and it simply indicates that the court asked for Sundae's exhibits and stated that it would review them for admissibility. None of the rulings that Sundae refers to are included in the transcript. Because Sundae fails to identify the exhibits that were allegedly destroyed and does not explain why the district court's rejection of the exhibits was improper, his claims on this issue are waived. *See State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is

obvious on mere inspection.") (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971)).

**Affirmed.**