I. The district court correctly concluded that this court's reversal of appellant's conviction was not on "grounds consistent with innocence."
Following the Minnesota Supreme Court's decision in Back v. State , a petitioner can qualify as exonerated only under Minn. Stat. § 590.11, subd. 1(1)(ii). 902 N.W.2d 23, 31 (Minn. 2017) (severing Minn. Stat. § 590.11, subd. 1(1)(i) ). Under this definition, a petitioner is "exonerated" if a court of the state of Minnesota "ordered a new trial on grounds consistent with innocence and the prosecutor dismissed the charges or the petitioner was found not guilty at the new trial," and that decision then becomes final. Minn. Stat. § 590.11, subds. 1(1)(ii), 1(2).
Here, the district court held that appellant failed to meet the statutory definition of "exonerated" because, although this court ordered a new trial and appellant was subsequently found not guilty, the decision ordering a new trial was not based on "grounds consistent with innocence." Appellant argues that the district court erred in making this determination.
Whether a petitioner meets the statutory definition of "exonerated" presents a question of statutory interpretation which we review de novo. Back , 902 N.W.2d at 27. "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2018). When interpreting a statute, "technical words and phrases and such others as have acquired a special meaning ... are construed according to such special meaning or their definition." Minn. Stat. § 645.08(1) (2018). Non-technical words and phrases "are construed according to rules of grammar and according to their common and approved usage." Id. It is also our duty to "construe statutes and ordinances to avoid absurd restrictions or results." Smith v. Barry , 219 Minn. 182, 17 N.W.2d 324, 327 (1944).
We previously analyzed the operation of section 590.11 and concluded that subdivision 1, defining "exonerated," "serves an important gatekeeping function." Back v. State , 883 N.W.2d 614, 620 (Minn. App. 2016), reversed on other grounds , 902 N.W.2d 23, 31 (Minn. 2017). This is because if an individual does not meet the statutory definition of "exonerated," that individual cannot proceed to subdivision 3, under which the district court would consider the merits of the petitioner's claim. Minn. Stat. § 590.11, subd. 3.
The operative grounds for reversal and new trial
Appellant claims that this court's decision reversing his conviction was *439 based on grounds consistent with innocence because, in addition to the inadmissibility of Spreigl evidence, another reason given for the reversal and new trial was that there was alibi testimony from a witness that exonerated him of the crime. But appellant mischaracterizes our prior decision. The challenge raised in appellant's criminal appeal, and the ground for this court's reversal and remand, was the improper admission of Spreigl evidence regarding appellant's prior burglary conviction. Buhl , 520 N.W.2d at 181. In deciding his criminal appeal, we first determined that appellant's earlier burglary conviction, which was dissimilar from the charges appellant challenged in his 1994 appeal, was not relevant and that the prejudicial effect of this evidence outweighed its probative value. Id. at 181-82. Only in considering whether the admission of the evidence was harmless error, we observed that appellant claimed that he had been framed and that evidence linking him to the crimes had been planted. Id. at 182-83. Noting that was "at least one possible inference not consistent with defendant's guilt,"[3] we declared that "admission of [the Spreigl ] evidence cannot be termed harmless error." Id. at 183.
We also noted that the state took inconsistent positions. It claimed that the Spreigl evidence was necessary because of the alibi testimony, which made the case against appellant weak, while at the same time claiming that its case was so strong that if the admission of the evidence was erroneous, it was surely harmless. Id. Thus, the opinion only referred to the alibi testimony when describing the state's argument that admission of the evidence was necessary. There is no merit to appellant's argument that our decision was based on the "grounds" of the alibi testimony simply because of this fleeting reference. See also The American Heritage Dictionary of the English Language 776 (5th ed. 2011) (defining "ground" as "[t]he foundation for an argument, belief, or action; a basis"). The alibi testimony was not the basis for our reversal.
The meaning of the phrase "grounds consistent with innocence"
Our determination that appellant's conviction was reversed and remanded solely because of the erroneously admitted Spreigl evidence does not end our analysis. We next must determine whether reversal on this basis is "consistent with innocence." Minn. Stat. § 590.11, subd. 1 (1)(ii).
A statute is ambiguous if it is reasonably susceptible to more than one meaning. Figgins v. Wilcox , 879 N.W.2d 653, 656 (Minn. 2016). We have previously determined that "consistent with innocence" is ambiguous, and that it could be fairly construed as meaning "agrees with innocence" or "does not contradict innocence." Back , 883 N.W.2d at 621. When interpreting statutes, "[e]very law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16.
In Back , we reviewed the denial of a petition seeking eligibility for exoneree compensation on the grounds that the appellant did not meet the statutory definition of "exonerated" under Minn. Stat. § 590.11, subd. 1. 883 N.W.2d at 617. Back's conviction for second-degree manslaughter based on culpable negligence had been reversed because the Minnesota Supreme Court determined that she had no special relationship with either the deceased victim (which could have given rise to a legal duty to protect) or the assailant *440 (which could have given rise to a legal duty to control). State v. Back , 775 N.W.2d 866, 871-72 (Minn. 2009). We declined to address the issue of how the phrase "on grounds consistent with innocence" should be interpreted because we held that Back's conviction was reversed "on grounds consistent with innocence under any reasonable interpretation of the phrase." Back , 883 N.W.2d at 623.
But unlike Back , here we are squarely presented with the question of how the term "on grounds consistent with innocence" should be interpreted. This is because reversal based on the erroneous admission of Spreigl evidence certainly does not "agree with innocence," in that it lends no support to a finding of actual innocence. See State v. Kennedy , 585 N.W.2d 385, 390 (Minn. 1998) (referring to the requirement for admission of Spreigl evidence as a "procedural safeguard"). A reversal based on a failure to apply these procedural safeguards turns on the matter of every defendant's right to a fair trial, regardless of his or her actual guilt or innocence. Michelson v. United States , 335 U.S. 469, 475-76, 69 S.Ct. 213, 218-19, 93 L.Ed. 168 (1948). In fact, the United States Supreme Court reasoned in Michelson that the government may not introduce evidence of a defendant's prior bad acts "even though such facts might logically be persuasive" to a jury because the prohibition "tends to prevent confusion of issues, unfair surprise and undue prejudice." Id. at 475-76, 69 S.Ct. at 218-19. Because the prohibition on introducing Spreigl evidence is a procedural safeguard and is thus irrelevant to the defendant's actual guilt or innocence, a reversal based on a violation of that safeguard "does not contradict innocence," but does not "agree with innocence."
We conclude that the legislature intended for the phrase "consistent with innocence" to mean "agrees with innocence." Our decision is based on Minn. Stat. § 645.16, which requires us to construe each law "to give effect to all its provisions." Were we to conclude that the legislature intended "consistent with innocence" to mean "does not contradict innocence," that interpretation would render the term ineffectual and superfluous because the statute already contemplates a conviction that has been reversed or remanded. Minn. Stat. § 590.11, subd. 1. So, unlike Back , in which the Minnesota Supreme Court considered a petition seeking certification of eligibility of exoneree compensation and determined that the earlier conviction was reversed on the grounds that the conduct was not criminal, here we hold that appellant's conviction was reversed because of an evidentiary error. See Back , 902 N.W.2d at 37 (Lillehaug, J., concurring) ("I read our prior decision to say that Back was free from, or had an absence of, guilt for the offense of second-degree manslaughter.").
To hold differently would create absurd results. See Smith , 17 N.W.2d at 327. Take a hypothetical case where a defendant was convicted of drug possession. On appeal, he argues that the illegal drugs he possessed should be suppressed and his conviction reversed because the drugs were discovered as the result of an unconstitutional search. See generally Davis v. Mississippi , 394 U.S. 721, 728, 89 S.Ct. 1394, 1398, 22 L.Ed.2d 676 (1969) (reversing a conviction because the appellant's Fourth Amendment rights were violated). Under appellant's argument, if a court of this state agreed and reversed such a conviction, the defendant would meet the definition of "grounds consistent with innocence," even though he clearly possessed illegal drugs. This situation typically arises in cases involving the application of the exclusionary rule, which courts have developed *441 for the primary purpose of deterring law enforcement from violating constitutional rights. See Elkins v. United States , 364 U.S. 206, 217, 80 S.Ct. 1437, 1444, 4 L.Ed.2d 1669 (1960) ("The [exclusionary] rule is calculated to prevent, not to repair. Its purpose is to deter-to compel respect for the constitutional guaranty in the only effectively available way-by removing the incentive to disregard it."); see also Davis v. United States , 564 U.S. 229, 236-37, 131 S.Ct. 2419, 2426-27, 180 L.Ed.2d 285 (2011) (noting that the exclusionary rule does not create "a personal constitutional right" and should only be applied when doing so would yield "appreciable deterrence") (quotations omitted). Just like a reversal on the grounds of this hypothetical constitutional violation, the reversal of appellant's conviction on the grounds of erroneously admitted Spreigl evidence in this case simply does not relate to his actual guilt or innocence.
We hold that a reversal on the basis of erroneously admitted Spreigl evidence is not on "grounds consistent with innocence." Therefore, we affirm the district court's denial of appellant's petition because appellant does not meet the statutory definition of "exonerated" under Minn. Stat. § 590.11, subd. 1 (1)(ii).
II. Because appellant does not meet the statutory definition of "exonerated," we decline to consider appellant's claim that the district court erred in finding that he failed to establish his innocence.
Appellant also argues that the district court erred when it found that he failed to establish his actual innocence by a preponderance of the evidence. Before a district court considers the merits of a petition seeking certification of eligibility for compensation based on exoneration, it must first determine whether the petitioner meets the statutory definition of "exonerated." See Minn. Stat. § 590.11, subds. 1, 3(a). Thus, whether appellant was "exonerated" is a threshold determination under the statute. Id. , subd. 3. If a defendant does not meet the statutory definition of "exonerated," then he is not eligible to receive compensation. Id.
If a petitioner meets the statutory definition of exonerated, we next consider if the petitioner can move on to the next step of the process, either by the prosecutor joining the petition, or by establishing by a preponderance of the evidence that he or she is actually innocent of the crime. Id. However, if a petitioner does not meet the definition of "exonerated," then we need not consider if a petitioner qualified under either prong of subdivision three. Id.
Because we hold that the district court correctly concluded that appellant does not meet the statutory definition of "exonerated" under Minn. Stat. § 590.11, subd. 1(1)(ii), we affirm the district court's denial of appellant's petition without considering appellant's argument that the district court erred in determining that he did not establish his innocence by a preponderance of the evidence.
III. The district court's denial of appellant's request for permission to file a motion for reconsideration under Minn. Gen. R. Prac. 115.11 is not an appealable order.
Appellant requested permission from the district court to move for reconsideration so that he could introduce affidavits relating to alibi testimony introduced at his second trial and an affidavit from his trial attorney. The district court denied appellant's request, finding that the purpose of the motion was to impermissibly supplement the record on appeal.
*442 Appellant argues that denying the motion was an abuse of discretion because the district court based its initial ruling on the transcript from his first trial, rather than on the transcript from his second trial. Respondent argues that: (1) the denial of permission to move for reconsideration is not an appealable order; and (2) the district court correctly denied the motion.
Respondent cites to Baker v. Amtrak Nat'l R.R. Passenger Corp. to support its argument that this denial is not an appealable order. 588 N.W.2d 749, 755 (Minn. App. 1999). In that case, we held that an informal denial of a request for reconsideration, even construed as an order, was not appealable under Minnesota Rule of Civil Appellate Procedure 103.03. Id. We reasoned that the only applicable section of 103.03 was section (e), which allows appeal "from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken." Id. The court noted that the denial "neither determined Baker's action nor prevented a judgment from which Baker could appeal." Id. Thus, we held that the informal denial, even construed as an order, was not appealable under the Minnesota Rules of Civil Appellate Procedure. Id.
While appellant did not respond to this argument, he did cite State v. Papadakis in support of his asserted standard of review. 643 N.W.2d 349, 356 (Minn. App. 2002). In that case, published three years after Baker , we reviewed a district court's denial of a motion to reconsider an omnibus order it had issued in a criminal case. Id. After first concluding that the district court had the inherent authority to reconsider such an order in the criminal context, we concluded that "it was not error to deny appellant's motion to reconsider." Id. at 356-57.
But unlike this case, Papadakis is a criminal case where Minnesota General Rule of Practice 115.11 -which appellant's request referenced-is not applicable. See id. at 356-57 ; see also Minn. Gen. R. Prac. 101 (" Rules 101 through 145 shall apply in all civil actions."). Therefore Baker is still good law.
We re-affirm our holding in Baker , and we decline to review the district court's denial of appellant's request for permission to move for reconsideration because the denial of permission to file such a motion is not an appealable order.[4]
DECISION
In the statutory definition of an "exonerated" person under Minn. Stat. § 590.11, subd. 1(1)(ii), the term "grounds consistent with innocence" requires that the reversal of a petitioner's conviction and remand for a new trial have been based on grounds that agree with innocence. Because the reversal of appellant's conviction and remand of his case was based on erroneously admitted Spreigl evidence, the ground was not related to his guilt or innocence, but was instead based on an evidentiary issue that impacted his right to a fair trial. Therefore, the district court properly concluded that appellant does not qualify as an "exonerated" person under MIERA.
Because we affirm the district court's denial of appellant's petition based on his *443 failure to meet the statutory definition of "exonerated," we decline to address his claim that the district court erred in finding that he did not establish his actual innocence by a preponderance of the evidence.
Finally, we decline to consider appellant's challenge to the district court's denial of his request for permission to move for reconsideration because the denial of such a request is not an appealable order.
Affirmed.

Though the Minnesota Supreme Court denied review, it took the opportunity one year later to express disapproval of the standard this court applied in Buhl in its harmless-error analysis. State v. Bolte , 530 N.W.2d 191, 198 n.6 (Minn. 1995).

Appellant also makes a cursory argument that, while there was discussion about the transcripts from the second trial, "[t]here was no discussion about allowing [appellant] to offer additional evidence." While this is true, it is also irrelevant. At the hearing the district court asked appellant, "What evidence would you like to introduce?" Appellant responded that he wanted to testify, and the court allowed him to do so. There is no burden on the district court to prompt litigants to produce specific evidence that could potentially allow them to meet their burden of proof.