**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1329**

James Paul Aery, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 20, 2024
Affirmed
Gaïtas, Judge**

Beltrami County District Court
File No. 04-CR-18-3347

James Paul Aery, Bemidji, Minnesota (self-represented appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

David L. Hanson, Beltrami County Attorney, Michael V. Mahlen, Assistant County Attorney, Bemidji, Minnesota (for respondent)

Considered and decided by Gaïtas, Presiding Judge; Worke, Judge; and Frisch, Judge.

**SYLLABUS**

A petitioner is not exonerated for the purpose of seeking exoneration compensation under the Minnesota Imprisonment and Exoneration Remedies Act (MIERA), Minn. Stat. §§ 611.362-.368 (2022), when the petitioner's conviction for actual possession of an unlawful item was reversed on the ground that an unconstitutional search required suppression of the evidence.

## OPINION

**GAÏTAS**, Judge

In 2020, this court reversed the drug-possession conviction of appellant James Paul Aery because a search that revealed drugs in his pocket and his subsequent arrest violated his constitutional rights. Following the reversal of his conviction, Aery petitioned the district court for an order declaring him eligible for exoneration compensation under MIERA. The district court denied Aery's petition, determining that Aery was not eligible for exoneration compensation because his conviction was reversed on a legal ground and not based on his factual innocence. Aery now challenges the district court's denial of his petition.

We conclude that a petitioner is not exonerated for the purpose of seeking exoneration compensation under MIERA when the petitioner's conviction for actual possession of an unlawful item was reversed solely on the ground that an unconstitutional search required suppression of the evidence. Because we reversed Aery's conviction based on the unconstitutionality of the search that revealed the drugs in his pocket, he was not exonerated as defined by MIERA. Thus, we affirm the district court's denial of Aery's petition.

## FACTS

Aery was a passenger in the backseat of a car that police stopped for a traffic violation. During the stop, police officers saw suspected drugs in plain view near the driver's seat. They asked the driver and the other people in the car, including Aery, to exit the car. While police officers searched the car, one officer reported that Aery put his hand

2

in his pocket. According to that officer, when Aery removed his hand from his pocket, a small bag containing a trace amount of a crystalline substance fell to the ground. Based on this observation, the officer handcuffed Aery and searched him. In Aery's pants, the officer found three glass smoking pipes and another small bag, which contained methamphetamine.

Following this incident, respondent State of Minnesota charged Aery with fifth-degree possession of methamphetamine. Aery moved to suppress the evidence, asserting that it was discovered during an unlawful search. The district court denied Aery's suppression motion, ruling that the officers had probable cause to arrest Aery for constructively possessing the drugs observed near the driver and that the search of Aery's person was a lawful search incident to his arrest. Following a stipulated-evidence court trial, the district court found Aery guilty and sentenced him to prison.

Aery appealed his conviction to this court, challenging the district court's order denying his motion to suppress. We reversed Aery's conviction, determining that the search of his pants violated the federal and state constitutions, which required suppression of the evidence. *State v. Aery*, No. A19-1845, 2020 WL 7134872, at *1 (Minn. App. Dec. 7, 2020).

Aery then petitioned the district court for an order determining that he was eligible for compensation under MIERA. The district court observed that Aery's conviction was reversed because the evidence was obtained in violation of his constitutional rights, and not because Aery was "factually innocent" or "on grounds consistent with innocence."

3

Thus, the district court concluded that Aery "[did] not meet the statutory definition of 'exonerated'" and was not eligible for compensation.

Aery appeals.

**ISSUE**

Was Aery exonerated for the purpose of seeking exoneration compensation under MIERA when this court reversed his drug-possession conviction on the ground that the police discovered the drugs in his pocket during an unconstitutional search?

**ANALYSIS**

In this case, we consider whether a petitioner who was convicted for actual possession of an unlawful item is eligible for exoneration compensation under MIERA when the conviction is later reversed on the ground that an unconstitutional search required suppression of the item. MIERA provides that formerly convicted people may obtain compensation after exoneration if they meet specified criteria. Minn. Stat. §§ 611.362-.368. It "establishes a multistep process for receiving compensation." *Back v. State*, 992 N.W.2d 363, 366 (Minn. 2023). Whether an individual has been exonerated is the threshold determination under MIERA. *Kingbird v. State*, 973 N.W.2d 633, 641 (Minn. 2022). A petitioner seeking exoneration compensation must first obtain a district court order "under section 590.11 determining that the person is entitled to compensation based on exoneration." Minn. Stat. § 611.362, subd. 1; *see also* Minn. Stat. § 590.11 (2022).

Section 590.11 defines the term "exonerated." Relevant here, the statute provides that a person is "exonerated" if a court "reverse[s]" the person's conviction "on grounds

4

consistent with innocence." Minn. Stat. § 590.11, subd. 1(b)(1)(i). "[G]rounds consistent with innocence" means the petitioner was either:

> (1) exonerated, through a pardon or sentence commutation, based on factual innocence; or

> (2) exonerated because the judgment of conviction was vacated or reversed, or a new trial was ordered, and there is any evidence of factual innocence whether it was available at the time of investigation or trial or is newly discovered evidence.

*Id.*, subd. 1(c)(1), (2).

In his petition for exoneration compensation, Aery alleged that the reversal of his conviction on appeal constituted an exoneration under section 590.11. But the district court determined that the reversal of Aery's conviction did not amount to an exoneration because Aery's conviction was not reversed "on grounds consistent with innocence."

Aery, who is self-represented on appeal, challenges the district court's determination. He argues that he is factually innocent because his arrest and the subsequent search of his person were unlawful. Whether a petitioner meets the definition of an "exonerated" person for the purpose of MIERA presents a question of statutory interpretation, which we review de novo. *Buhl v. State*, 922 N.W.2d 435, 438 (Minn. App. 2019).

In *Kingbird*, the Minnesota Supreme Court examined the term "factual innocence" as used in section 590.11. 973 N.W.2d at 641-42. Kingbird, who was convicted for unlawfully possessing a firearm based on his possession of a BB gun, sought exoneration compensation after the supreme court held that a BB gun is not a firearm, and his conviction was reversed on this ground. *Id*. at 642 (relying on *State v. Haywood*, 886 N.W.2d 485

5

(Minn. 2016)). In considering whether Kingbird was exonerated for the purpose of section 590.11, the supreme court observed that "'factual innocence' is the state of being not guilty of a crime (innocence) but only when the reason is restricted to or based on facts (factual)." *Id.* Applying that interpretation of the term, the supreme court concluded that the change in the law that resulted in the reversal of Kingbird's conviction did not make Kingbird factually innocent. *Id.* It noted that the facts of Kingbird's case "did not change;" it remained undisputed that Kingbird possessed a BB gun when he was not eligible to possess one. *Id.* at 642-43. Rather, Kingbird's case was reversed based on an issue of "legal significance"—a change or error in the law. *Id.* at 642. Given this circumstance, the supreme court concluded that Kingbird was not exonerated for the purpose section 590.11. *Id.* at 643.

In *Back*, the supreme court again noted the distinction between a reversal of a conviction based on factual innocence and one based on "an issue of legal significance." 992 N.W.2d at 369. Back argued that she was exonerated when the supreme court reversed her culpable-negligence-manslaughter conviction on direct appeal because the state had failed to establish that she owed a duty of care to the shooter or the victim, which was an element of the offense. *Id.* at 364-65. But the supreme court determined that Back was not entitled to exoneration compensation because the reversal of her conviction "turn[ed] on an issue of legal significance" and there was no new "evidence of factual innocence." *Id.* at 369.

Against this legal backdrop, we consider whether Aery was exonerated for the purpose of section 590.11. Aery's conviction was reversed. But it was not reversed "on

6

grounds consistent with innocence." Minn. Stat. § 590.11, subd. 1(b)(1)(i). The conviction was reversed because Aery was subjected to an unconstitutional search and the drugs found in his pocket should have been suppressed. When a conviction for actual possession of an unlawful item was reversed on the ground of an unconstitutional search that required suppression of the evidence, the reversal was based on an issue of legal significance. Notwithstanding the legal error in Aery's case, Aery was not factually innocent. He had illegal drugs in his pocket. And Aery has not established any new facts suggesting that he is factually innocent. Thus, we conclude that Aery was not exonerated as defined by section 590.11.

## DECISION

Aery was not exonerated for the purpose of seeking exoneration compensation under MIERA because his drug-possession conviction was reversed based on an issue of legal significance and not based on his factual innocence. Because Aery was not eligible for exoneration compensation, the district court did not err in denying his petition for exoneration compensation.

**Affirmed.**