*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0656**

Robert E. Villanueva,
Appellant,

vs.

Circle K Stores Inc., et al.,
Respondents.

**Filed November 24, 2025
Affirmed; motion denied
Ross, Judge**

Hennepin County District Court
File No. 27-CV-24-10809

Robert Eliazar Villanueva, Minneapolis, Minnesota (self-represented appellant)

Stephanie N. Maser, David P. Peterson, Cousineau Malone, P.A., Minnetonka, Minnesota (for respondents)

Considered and decided by Bond, Presiding Judge; Ross, Judge; and Larkin, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Robert Villanueva lingered inside a convenience store's retail area and its restroom for hours before store staff finally questioned whether he was using drugs and ordered him to leave. Villanueva sued the store, alleging intrusion upon seclusion (a cleaning employee attempted to enter a restroom that Villanueva occupied), defamation *per se*, intentional infliction of emotional distress, and retaliation. The district court dismissed all claims on

summary judgment, concluding that the undisputed facts supported none of them. Because the undisputed facts establish that the store is entitled to judgment as a matter of law, we affirm.

**FACTS**

This case involves interactions between a convenience store's employees and store visitor, appellant Robert Villanueva. Because the district court granted summary judgment against Villanueva, we view the undisputed facts in the light most favorable to his appeal. *See Warren v. Dinter*, 926 N.W.2d 370, 374–75 (Minn. 2019); Minn. R. Civ. P. 56. Respondents Circle K Stores Inc. and Holiday Station Stores LLC (together, Holiday) operate a gas station and convenience store in southwest Minneapolis. At that store, Holiday offers on-site single-toilet restrooms for its customers. The restroom doors are outside the building and kept locked, so customers access the restroom only after retrieving the key from inside. Holiday employees monitor and clean the restrooms.

Near the end of August 2023, Villanueva frequented the Holiday store, conversed with staff, and used its restroom. This case concerns incidents on three days during that period.

On August 25, a Holiday employee approached the men's restroom to clean it. She knocked on the door and announced her intent to enter. She heard no response, but Villanueva was inside. She unlocked the door and tried to push it open. It opened "an inch or so" before Villanueva immediately slammed it shut. The employee did not see Villanueva through the narrow opening.

On August 28, a Holiday manager left the retail area to check on Villanueva, whom she knew was occupying the men's restroom. She made a noise that Villanueva says startled him. Villanueva reentered the store and confronted the manager at the cashier's counter. The manager was suspicious of Villanueva's lengthy stays in the restroom and asked, "Are you doing drugs?" A customer unidentified in the record maneuvered around Villanueva to the counter, and the manager continued speaking with Villanueva, asking, "[W]hat are [you] doing in there?" Villanueva remained and engaged with Holiday staff for the next 40 minutes before eventually leaving.

On August 30, Villanueva loitered inside the store near the counter until a Holiday employee approached him and said, "[Y]ou gave drugs to a minor." This employee was the older sibling of the employee who had tried to enter and clean the restroom on August 25. The younger sibling had reported to her brother that Villanueva had tried to give her drugs in the store. Villanueva complained about the exchange to Holiday management and obtained witness affidavits about the encounter from two other Holiday employees. Holiday staff reviewed the surveillance footage and determined that Villanueva loitered in the store for hours, distracted staff, and made no purchases. Villanueva used the restroom on frequent trips and for extended periods, including 1 hour and 17 minutes and just over 2 hours on consecutive days. Holiday barred Villanueva from returning to the store.

Villanueva sued Holiday for intrusion upon seclusion, defamation *per se*, intentional infliction of emotional distress, and retaliation. The district court granted summary judgment against Villanueva, reasoning that he did not provide evidence to show that the bathroom intrusion was highly offensive, that the challenged statements conveyed

3

defamatory meaning, or that Holiday's conduct caused severe emotional distress. The district court also held that Villanueva's claim for retaliation arising from a business-consumer relationship was not a recognized cause of action.

Villanueva appeals.

## DECISION

Villanueva appeals from the district court's summary-judgment decision. Summary judgment is appropriate when no genuine factual issue prevents judgment as a matter of law. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997); Minn. R. Civ. P. 56.01. We review Villanueva's appeal *de novo* to determine whether factual issues exist and whether the district court erred in applying the law. Minn. R. Civ. P. 56.03; *Fenrich v. Blake Sch.*, 920 N.W.2d 195, 201 (Minn. 2018). Villanueva contends that summary judgment is not appropriate on his claims of intrusion upon seclusion and defamation. He does not challenge the summary-judgment decision as to intentional infliction of emotional distress or attempt to explain how the district court erred by dismissing his retaliation claim. We therefore address only the intrusion and defamation claims.

### I

Villanueva fails to convince us that he can avoid summary judgment on his claim of intrusion upon seclusion. A plaintiff can prevail on an invasion-of-privacy claim under that theory only if he establishes three elements: an intentional intrusion occurred; the intrusion was highly offensive; and the intrusion implicated a matter concerning the plaintiff's legitimate expectation of privacy. *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 233 (Minn. 1998); *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 744–45

4

(Minn. App. 2001). Whether an intrusion was intentional and highly offensive are questions of law when the undisputed facts support only one reasonable conclusion. *Lake*, 582 N.W.2d at 233; *Swarthout*, 632 N.W.2d at 745. Villanueva relies on the affidavits he submitted to show that the employee who tried to enter the restroom knew that he was inside it. But his intrusion claim fails even if the employee knew he was inside because the undisputed facts establish that no intrusion occurred. Villanueva's forcefully shutting the door after it was opened only "an inch or so" prevented any invasion of his privacy. The district court correctly dismissed the claim.

## II

Villanueva's defamation *per se* claim fares no better. The claim depends on Villanueva's ability to prove each element of defamation, meaning that he must offer evidence that the challenged statements were false, tended to harm his reputation in the community, were communicated to another, and were reasonably understood to refer to him. *See McKee v. Laurion*, 825 N.W.2d 725, 729–30 (Minn. 2013). The manager's questions at the counter ("Are you doing drugs?" "[W]hat are [you] doing in there?") do not constitute defamation because they are not false statements of fact. The manager, facing Villanueva's unusually lengthy and repeated occupation of the restroom, reasonably questioned why. Her suggestion of one reason—drug use—does not convert her inquiry into a statement of fact. The inquiry is not defamation.

The employee's assertion, "[Y]ou gave drugs to a minor," is not defamation for a different reason. Statements that are not false fail the principal element of a defamation suit: falsity. The burden to prove each element, including falsity, rests on the plaintiff. *Id.*

5

at 730. The converse of this burden also applies, making truth a complete defense to alleged defamation. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980). Holiday supported its summary-judgment motion with an affidavit from the younger employee asserting that Villanueva had given that employee drugs. The record includes no contrary evidence—not even testimony from Villanueva—contesting the employee's factual assertion. Because no evidence contradicts the truth of the older employee's statement that Villanueva gave drugs to a minor, no fact dispute exists to prevent summary judgment favoring Holiday on this aspect of the defamation claim.

### III

We need not address Villanueva's other arguments on their merits. He contends that the district court erroneously failed to fashion a jury instruction directing an adverse inference on Holiday's purported spoliation of evidence. Our decision affirming summary judgment ends the possibility of a jury trial and renders moot any issue about jury instructions. He also assigns error to the district court's refusal to grant his request for leave to move to reconsider the court's summary-judgment decision. But the denial of a request to allow a motion to reconsider is not appealable. *Baker v. Amtrak Nat'l R.R. Passenger Corp.*, 588 N.W.2d 749, 755 (Minn. App. 1999). We therefore need not consider the argument further.

Villanueva also filed a motion asking us to take judicial notice of a wrongful-termination action against one of the respondents filed in federal district court. The rules of evidence allow us to take judicial notice of generally known adjudicative facts meeting certain requirements. Minn. R. Evid. 201 (a)–(b). We deny the motion as requesting that

6

we take notice of facts that fall outside the rule's parameters and that are, in any event, irrelevant to our decision even if we were to take judicial notice of them.

**Affirmed; motion denied.**